IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JAMON CHARLES PHETSACKSITH,<br><br>  Defendant. | Case No. 25-CR-00174-SEH |

**OPINION AND ORDER**

Before the Court is Defendant Jamon Phetsacksith's objection to the government's notice of intent to offer evidence pursuant to Fed. R. Evid. 404(b). [ECF No. 37]. For the reasons provided below, the objection is overruled.

**I. Background/Procedural History**

A federal grand jury charged Phetsacksith with one count of assault resulting in serious bodily injury in Indian Country.[1] [ECF No. 2]. The government provided notice that it intends to introduce other-act evidence as

---

[1] The background facts leading to the charge have been well developed in the record, so the Court will not restate them here.

*res gestae*, or alternatively, under Fed. R. Evid. 404(b). [ECF No. 16]. The notice describes three prior acts:

- A July 2024 assault involving Phetsacksith "chucking" R.F. to the ground, grabbing her by the throat, and dragging her, causing her to hit her head on the corner of a brick wall;

- An August 15, 2024 assault involving Phetsacksith punching R.F. multiple times when she attempted to flee a car during an argument, causing her to lose consciousness; and

- An October 2024 assault involving Phetsacksith grabbing R.F. by the hair, slamming her head into the glass window of a car, and "chuck[ing]" R.F. back into the car when she had stepped out of it to flag for help. According to the notice, when the two got home, R.F. tried to leave and Phetsacksith repeatedly pushed her down, got on top of her, and bit her finger as she tried to push his face away.

[*Id.* at 3–5]. The government offers this evidence as intrinsically intertwined with the charged offense and submits that it is probative of Phetsacksith's motive and intent to commit the charged assault, shows a lack of accident or mistake, and is not unfairly prejudicial. [*Id.* at 5–11].

Phetsacksith objects. [ECF No. 37]. He argues that it is not intrinsic to the charged crime and the government has not met its burden of demonstrating that it is offered for a permissible purpose under Rule 404(b). [*Id.* at 3].

2

Phetsacksith further argues that the probative value of the evidence is substantially outweighed by the danger of "confusing the issues, misleading the jury, wasting this Court's time, and undue prejudice to the defense." [*Id.* at 3]. Jury trial is currently scheduled for January 5, 2026. [ECF No. 35].

## II. Analysis

The Court is unpersuaded that the proffered evidence is intrinsic to the charged offense. It does not provide necessary background information that would leave the jury confused if not disclosed during the government's case-in-chief. Although R.F. mentioned facts related to the uncharged acts when she reported the charged assault, the evidence does not "provide[] direct proof of the defendant's involvement with the charged crime[];" nor is it "directly connected to the factual circumstances of the crime." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015). So, the Court will evaluate only whether the evidence is admissible under Fed. R. Evid. 404(b).

Evidence of crimes, wrongs, or other acts is not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or

3

acts except that which tends to prove only criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001) (citation and internal quotation marks omitted). Therefore, a district court may properly admit under Rule 404(b) evidence that "may involve a kind of propensity inference." *United States v. Veneno*, 94 F.4th 1196, 1208 (10th Cir. 2024) (citing *United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007)). But "the government must precisely articulate the purpose of the proffered 404(b) evidence." *United States v. Kearn*, 863 F.3d 1299, 1309 (10th Cir. 2017).

For evidence to be admissible under Rule 404(b), it must meet four requirements:

(1) The evidence must be offered for a *proper purpose* under Rule 404(b);

(2) The evidence must be *relevant* under Rule 401;

(3) The *probative value* of the evidence must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and

(4) The district court, upon request, must . . . *instruct[] the jury* pursuant to Rule 105 to consider the evidence only for the purpose for which it was admitted.

*United States v. Henthorn*, 864 F.3d 1241, 1247–48 (emphasis in original) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

Here, the Court concludes that the government has offered the other-acts evidence for the proper purpose of showing Phetsacksith's motive and lack of accident. The evidence supports the government's assertion that R.F.'s

4

attempt to leave motivated Phetsacksith's assault, and it tends to show that R.F. did not sustain her injuries by accidentally falling down the stairs.

The evidence is also relevant. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and … the fact is of consequence in determining the action." Fed. R. Evid. 401. The uncharged acts are relevant to prove Phetsacksith's motive to assault R.F. and that her injuries were not incurred by accident. The government asserts that Phetsacksith assaulted R.F. by "throwing her to the ground with such force that as she fell, her leg snapped." [ECF No. 16 at 2]. The uncharged acts involve Phetsacksith assaulting R.F. within months of the charged assault in the same manner—by pushing R.F. to the ground. To prove Phetsacksith guilty, the government will be required to prove beyond a reasonable doubt that Phetsacksith assaulted R.F. and that the assault resulted in serious bodily injury. 18 U.S.C. § 113(a)(6). Therefore, the uncharged acts make it more probable that R.F. sustained her injuries from Phetsacksith's assault and not as a consequence of falling down a flight of stairs.

Phetsacksith's main argument is that the evidence violates Rule 403. The Tenth Circuit has "recognized the probative value of uncharged acts to show motive, intent, and knowledge … as long as the uncharged acts are similar to the charged crime and sufficiently close in time." *United States v. Zamora,*

5

222 F.3d 756, 762 (10th Cir. 2000). The uncharged acts need not be identical to the charged offense. *Id*. And similarity "may be shown through physical similarity of the acts or through the defendant's indulging himself in the same state of mind in the perpetration of both" the uncharged and charged acts. *Id*. (citations and internal quotation marks omitted).

Here, the uncharged and charged acts are similar. On all three prior occasions, Phetsacksith assaulted R.F. when she attempted to leave him, and on two occasions, he pushed her to the ground. Similarly, the charged offense involves Phetsacksith pushing R.F. down as she walked away. And R.F. told police that Phetsacksith "gets super pissed off when I try to leave." [ECF No. 40 at 1]. "The more similar the act or state of mind is to the charged crime, the more relevant it becomes." *Veneno*, 94 F.4th at 1209 (quoting *Zamora*, 111 F.3d at 762). Relevant other-act evidence that is offered for a proper purpose "may be admissible even though it has the 'potential impermissible side effect of allowing the jury to infer criminal propensity.'" *Id*. at 1208 (quoting *United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007)).

Evidence should be excluded under Federal Rule of Evidence 403 when "its probative value is substantially outweighed by a danger of ... unfair prejudice." *United States v. Alfred*, 982 F.3d 1273, 1282 (10th Cir. 2020). "Virtually all relevant evidence is prejudicial to one side or the other." *United States v. Archuleta*, 737 F.3d 1287, 1293 (10th Cir. 2013). However, for Rule

6

403 to bar evidence, the prejudice must be unfair. *Id.* Thus, evidence is unfairly prejudicial when "it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Irving*, 665 F.3d 1184, 1213–14 (10th Cir. 2011).

The Court finds that the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice. The uncharged acts and the charged acts each involve Phetsacksith pushing R.F. to the ground when she attempted to walk away from him. The prior acts occurred within months of the offense charged and R.F. described prior injuries to police that she sustained from these uncharged acts. So, this evidence will help explain which of R.F.'s injuries are attributable to the charged offense. Therefore, testimony about prior occasions Phetsacksith assaulted R.F. by pushing her to the ground will not simply paint him as a bad person. Rather, it will attempt to show Phetsacksith's motive in committing the charged offense and disprove that R.F.'s injuries resulted by accident. It is therefore relevant and highly "probative of a material issue other than character." *Huddleston*, 485 U.S. at 696.

### III. Conclusion

Evidence of Phetsacksith's prior acts with R.F. is probative of his motive and lack of accident and does not suggest a decision on an improper basis. It

is therefore admissible under Rule 404(b). Phetsacksith's objection is overruled.

**IT IS THEREFORE ORDERED** that the Defendant's Objection to Government's Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) [ECF No. 37] is **OVERRULED**.

DATED this 22nd day of December, 2025.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE